UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>RANCHO NUEVO HARVESTING, INC., dba RANCHO NUEVO HARVESTING a corporation,<br><br>    Defendant. | Case No.: 2:23-cv-07078-SB-AGR<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION |

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), and Defendant Rancho Nuevo Harvesting, Inc., dba Rancho Nuevo Harvesting ("Rancho Nuevo" or "Defendant") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment as follows:

**I. STATEMENT BY THE PARTIES**

A. The Acting Secretary filed a complaint alleging Defendant violated the H-2A Program under Section 218 of the Immigration and Nationality Act ("INA")[1] as amended by the Immigration and Reform Control Act of 1986

---

[1] All references made herein to the INA will be to its Section 218, 8 U.S.C. § 1188.

("IRCA") and their Regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501 ("H-2A Implementing Regulations") (hereafter, "Complaint").

    B.    Defendant waives formal service and acknowledges receipt of a copy of the Complaint.

    C.    Defendant waives its answers and any defenses to the Complaint.

    D.    Defendant agrees that the Court has jurisdiction over the parties and the subject matter of this civil action, and that venue lies in the United States District Court for the Central District of California.

    E.    Defendant acknowledges that it and any individual, agent, or entity acting on its behalf or at its direction as it relates to H-2A operations and program oversight have been given, and in the future will be given, notice of, and an understanding of the provisions of this Consent Judgment.

    F.    Defendant agrees to resolve all allegations against it in the Complaint.

    G.    Defendant agrees to the entry of this Consent Judgment without contest.

    H.    The U.S. Department of Labor ("DOL") has determined Defendant violated the H-2A Implementing Regulations listed below for three investigations in California that are subject to the Complaint.

        1.    For a 2021 H-2A Job Order for Fresno County in California, the Acting Secretary found that Defendant violated the meals requirement (20 C.F.R. § 655.122(g)) when it provided no meals on Sundays, insufficient food for many meals, and spoiled food for some of the remaining days; failed to provide sufficient daily transportation to and from housing sites and work locations (20 C.F.R. § 655.122(h)(3)); failed to pay outbound transportation and subsistence (20 C.F.R. § 655.122(h)(2)); failed to provide monies to satisfy the three-fourths guarantee

(20 C.F.R. § 655.122(i)); sought meal and voluntary quit waivers from H-2A workers (29 C.F.R. § 501.5); failed to accurately state all of the terms and conditions in the job order and work contract (20 C.F.R. § 655.121(a)(4)); and failed to follow all applicable federal, state, and local laws (20 C.F.R. § 655.135(e)).  The Acting Secretary assessed $373,605.60 (THREE HUNDRED AND SEVENTY-THREE THOUSAND SIX HUNDRED AND FIVE DOLLARS AND SIXTY CENTS) in back wages and $360,359.19 (THREE HUNDRED SIXTY THOUSAND THREE HUNDRED AND FIFTY-NINE DOLLARS AND NINETEEN CENTS) in civil money penalties ("CMPs") for these violations.

        2.     For a 2021-2022 H-2A Job Order for Ventura County in California, the Acting Secretary found that Defendant violated the meals requirement when it provided no meals on Sundays (20 C.F.R. § 655.122(g)), sought meal waivers (29 C.F.R. § 501.5), failed to provide housing that met housing requirements (20 C.F.R. § 655.122(d)), failed to provide transportation that met the transportation requirements (20 C.F.R. § 655.122(h)), and failed to follow all applicable federal, state, and local laws (20 C.F.R. § 655.135(e)).  The Acting Secretary assessed $184,693.12 (ONE HUNDRED AND EIGHTY-FOUR THOUSAND SIX HUNDRED AND NINETY-THREE DOLLARS AND TWELVE CENTS) in back wages and $101,227.50 (ONE HUNDRED AND ONE THOUSAND TWO HUNDRED AND TWENTY-SEVEN DOLLARS AND FIFTY CENTS) in CMPs for these violations.

        3.     For a 2022 H-2A Job Order for Riverside County in California, the Acting Secretary found that Defendant failed to provide transportation that met the transportation requirements (20 C.F.R. § 655.122(h)).  The Acting Secretary assessed $13,554.90 (THIRTEEN THOUSAND FIVE HUNDRED AND FIFTY-

FOUR DOLLARS AND NINETY CENTS) in CMPs for these transportation violations.

4. Moreover, the Acting Secretary found that Defendant and its agents purposely made false statements to the Acting Secretary under penalty of perjury during the H-2A certification process. Repeatedly during these certification processes, Defendant and its agents explicitly stated in the H-2A Applications for Temporary Employment Certification also known as ETA 790A form they submitted to the Acting Secretary's National Processing Center: "[e]mployer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals" and "[w]orkers living in employer provided housing without kitchen facilities will receive three meals per day, seven days a week, by Catering" when they had no intent of doing so because they were seeking meal waivers from the workers for Sunday meals at the time they submitted these ETA 790A forms. Nowhere in these ETA 790A forms did Defendant ever state that it does not have to provide meals to workers on a Sunday if the workers agree to waive their meal rights. Furthermore, Defendant and its agents also misrepresented the working conditions to the H-2A workers when they provided them work contracts stating: "Workers living in employer provided housing without kitchen facilities will receive three meals per day, seven days a week, by catering." Nowhere in these contracts at issue does it ever state that Defendant does not have to provide workers any meals on Sunday when it is providing them housing without kitchen facilities.

5. Defendant's false statements sworn under penalty of perjury during the H-2A application process can be grounds for debarment under the H-2A

regulations. The H-2A debarment regulations at 20 C.F.R. § 655.182(d) identify that an employer may be debarred for committing the following violations: "[f]raud involving the Application for Temporary Employment Certification [aka ETA 790 form]" or "[a] material misrepresentation of fact during the application process."

6. In addition to not providing the required meals on Sunday and seeking waivers thereof, the Acting Secretary found that Defendant also sought voluntary quit waivers to avoid paying H-2A workers money under the three-fourths guarantee at 20 C.F.R. § 655.122(i). Defendant's seeking meal waivers or voluntary quit waivers is itself a violation of 29 C.F.R. § 501.5: "A person may not seek to have an H–2A worker, a worker in corresponding employment, or a U.S. worker improperly rejected for employment or improperly laid off or displaced waive any rights conferred under 8 U.S.C. 1188, 20 CFR part 655, subpart B, or this part. Any agreement by a worker purporting to waive or modify any rights given to said person under 8 U.S.C. 1188, 20 CFR part 655, subpart B, or this part shall be void as contrary to public policy." These waiver violations and/or the violations identified in the aforementioned three paragraphs of this section can also result in Defendant's debarment under 29 C.F.R. § 501.20: "[f]ailure to pay or provide the required wages, benefits, or working conditions to the employer's H–2A workers and/or workers in corresponding employment."

I. Defendant also admits that the Acting Secretary's Wage and Hour Division repeatedly investigated it, found Defendant to have violated the H-2A Implementing Regulations listed below in past investigations, and informed Defendant of these violations within a year of completing her investigations:

   1. In a 2023 Arizona H-2A investigation, the Acting Secretary found that Defendant provided insufficient food for meals and spoiled food.

   2. In a 2020 Arizona H-2A investigation, the Acting Secretary found that Defendant took unlawful deductions.

   3. In a 2020 California H-2A investigation, the Acting Secretary found that Defendant failed to pay the required rate of pay, failed to accurately state all of the terms and conditions in the job order, and failed to follow all applicable federal, state, and local laws.

   4. In another 2020 California H-2A investigation, the Acting Secretary found that Defendant failed to pay the required rate of pay and failed to provide earning records to workers that contained all of the required information.

  J. In consideration of this Consent Judgment and to resolve this case, and in restitution and remediation:

   1. Defendant agrees to pay $558,298.72 (FIVE HUNDRED AND FIFTY-EIGHT THOUSAND TWO HUNDRED AND NINETY-EIGHT DOLLARS AND SEVENTY-TWO CENTS) to the Acting Secretary which represents the total sum of the unpaid back wages assessed and finally determined or ordered by the Acting Secretary for this matter pursuant to authority granted in 29 C.F.R. § 501.16(a)(1) for the employees identified in Exhibit A to this Consent Judgment; and

   2. Defendant agrees to pay $475,211.59 (FOUR HUNDRED AND SEVENTY-FIVE THOUSAND AND TWO HUNDRED AND ELEVEN DOLLARS AND FIFTY-NINE CENTS) which represents the total sum of the CMPs assessed and finally determined or ordered by the Acting Secretary for this matter pursuant to authority granted in 29 C.F.R. § 501.16(a)(1).

K. Defendant agrees to make the payments identified in Paragraph J above at the following times:

1. Defendant agrees to pay $43,065.83 (FORTY-THREE THOUSAND AND SIXTY-FIVE DOLLARS AND EIGHTY-THREE CENTS) of the back wages and CMPs identified in Paragraph J for 23 (TWENTY-THREE) straight months on the first day of the month beginning on October 1, 2023, and continuing thereafter to August 1, 2025;

2. Defendant agrees to pay $43,066.22 (FORTY-THREE THOUSAND AND SIXTY-SIX DOLLARS AND TWENTY-TWO CENTS) as the 24th (TWENTY-FOURTH) and final payment on September 1, 2025; and

3. Defendant agrees that its monthly payments will first pay all of the back wages due in this Consent Judgment and then pay all of the CMPs due in this Consent Judgment.

L. Defendant agrees to make any payments required in this Consent Judgment by following the instructions at Exhibit B attached hereto for the back wage payments and following the instructions at Exhibit C attached hereto for the CMPs.  The case number referenced in Exhibits B & C for input is 1948288.  For the 13th (THIRTEENTH) payment scheduled for October 1, 2024, Defendant agrees to split this payment between $41,508.76 (FORTY-ONE THOUSAND FIVE HUNDRED AND EIGHT DOLLARS AND SEVENTY-SIX CENTS) in back wages and $1,557.40 (ONE THOUSAND FIVE HUNDERED AND FIFTY-SEVEN DOLLARS AND SEVEN CENTS) in CMPs.

M. Defendant agrees to: (1) hire a full-time monitor with at least 5 (FIVE) years of H-2A experience that the Acting Secretary approves within 120 (ONE HUNDRED AND TWENTY) calendar days of the date of entry of this

Consent Judgment with the sole purpose to monitor its compliance with 8 U.S.C. §1188 and all of H-2A's Implementing Regulations, especially those at 20 C.F.R. Part 655, Sub-Part B and 29 C.F.R. Part 501; and (2) submit to the District Director of the Los Angeles District Office, currently Kimchi Bui, at her e-mail address (bui.kimchi@dol.gov), for her approval: the names, relevant experience and contact information (e.g., cellular and land line telephone numbers, mailing and e-mail addresses) of 3 (THREE) people that Defendant proposes to employ to be its monitor within 60 (SIXTY) days of the entry of this Consent Judgment;[2]

  N. Defendant agrees to permit the Wage and Hour Division to train its payroll personnel, supervisors, foremen and monitor who control and/or monitor the pay and terms and conditions of employment of its workers[3] 2 (TWO) times in 2024 and 2 (TWO) times in 2025 on the H-2A implementing regulations within 2 (TWO) months of the starting date of an H-2A labor certification.  Defendant agrees to coordinate with the District Director of the Los Angeles District Office, currently Kimchi Bui, and Regional Agriculture Enforcement Coordinator, currently Ruben Lugo, at bui.kimchi@dol.gov and lugo.ruben@dol.gov respectively, to schedule this training;

  O. Defendant agrees to increase the size of the surety bond required by 29 C.F.R. § 501.9 to at least $100,000.00 (ONE HUNDRED THOUSAND

---

[2] The Parties understand that Defendant already hired a Monitor to fill this position.  Defendant will provide the resume and contact information of this individual to the District Director of the Los Angeles District Office, currently Kimchi Bui, for approval.

[3] From hereon, unless specifically narrowed, the term "workers" means all workers employed by Defendant including H-2A workers and corresponding workers.

DOLLARS AND NO CENTS) per any certification with more than 100 (ONE HUNDRED) workers.  In the event that Defendant is found by the Wage and Hour Division to have violated *any* H-2A provisions within 4 (FOUR) years of the date of entry of this Consent Judgment, Defendant shall increase the amount of the surety bond to at least $200,000.00 (TWO HUNDRED THOUSAND DOLLARS AND ZERO CENTS) per certification with more than 50 (FIFTY) workers and $300,000.00 (THREE HUNDRED THOUSAND DOLLARS AND ZERO CENTS) per certification with more than 100 (ONE HUNDRED) workers;

  P. Defendant agrees to provide notice of this Consent Judgment and a copy thereof to its existing managers, supervisors, payroll personnel within 30 (THIRTY) calendar days of the date of entry of this Consent Judgment and to new managers, supervisors, payroll personnel and monitor within 30 (THIRTY) calendar days of their hiring date until January 1, 2028.  Defendant agrees to provide notice of this Consent Judgment and a copy thereof to any successors-in-interest to it within 30 (THIRTY) calendar days of the date an entity became a successor-in-interest;

  Q. Defendant agrees that any successors-in-interest to it from execution of this Consent Judgment through December 31, 2027, will be given a copy of this Consent Judgment and be bound by the terms therein, because Defendant agrees that in *any* sale of it, either in whole or in part (e.g., no matter how small and/or if it only involved assets), one of the written contractual terms for such sale will be that "any successors-in-interest to Rancho Nuevo Harvesting, Inc. will be given a copy of the 2023 Consent Judgment in *Su v. Rancho Nuevo Harvesting, Inc.* (C.D. Cal.) covering the H-2A violations that Defendant Rancho Nuevo Harvesting, Inc. committed in California in 2021-2022";

R. Defendant agrees to provide sufficient vehicles (e.g., buses, vans, etc.) to fully transport all its H-2A and corresponding workers to and from its housing facilities and the work sites;

S. Defendant agrees to have its foremen, supervisors or crew leads monitor the loading of each of its buses to ensure that its workers board the buses in a safe and orderly manner;

T. Defendant agrees to conduct vehicle safety inspections as required by 20 C.F.R. § 655.122(h)(4) of all vehicles used to transport H-2A workers and/or workers engaged in corresponding employment. Defendant agrees that these required inspections, amongst other things, require Defendant to inspect the tread level of tires, seat belts, lights, and windshields. Defendant agrees to document the results of these tire tread level inspections on a weekly basis, retain them for 3 (THREE) years and provide a copy of these inspections to the Acting Secretary upon request; and

U. The parties agree that each party shall bear all their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, any costs referenced in the Equal Access to Justice Act.

## II.   PERMANENT INJUNCTION

Therefore, upon motion of the attorneys for the Acting Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to 29 C.F.R. §§ 501.16 (b) & (c), Defendant and its officers, agents, servants, employees, successors and all persons in active concert or participation with it are permanently enjoined and restrained from violating any provisions of

the H-2A Implementing Regulations with special emphasis in the manners identified below:

1. Defendant shall not, contrary to 20 C.F.R. § 655.121(a)(4), fail to satisfy the requirements of the H-2A job order by not stating all of the actual terms and conditions of employment such as locations of work, dates of work and the work to be performed.

2. Defendant shall not, contrary to 20 C.F.R. § 655.122(a), offer to corresponding workers less benefits, wages, and working conditions that it offers, intends to offer, or will provide to H-2A workers.

3. Defendant shall not, contrary to 20 C.F.R. § 655.122(d)(1)(i), fail to provide housing to workers that meets the full set of the U.S. Department of Labor's Occupational Safety and Health Administration ("OSHA") standards set forth at 29 C.F.R. § 1910.142, or the full set of standards at 20 C.F.R. §§ 654.404 through 654.417, whichever are applicable under 20 C.F.R. § 654.401.

4. Defendant shall not, contrary to 20 C.F.R. § 655.122(g), fail to provide all workers with either three meals a day or housing with kitchen facilities.

5. Defendant shall not, contrary to 20 C.F.R. § 655.122(h)(2), fail to meet the outbound transportation and subsistence requirements.

6. Defendant shall not, contrary to 20 C.F.R. § 655.122(h)(3), fail to provide transportation between housing provided or secured by Defendant and the Defendant's places of employment at no cost to the workers.

7. Defendant shall not, contrary to 20 C.F.R. § 655.122(h)(4), fail to provide transportation that complies with all applicable federal, state or local laws and regulations, and must provide, at a minimum, the same transportation safety

standards, driver licensure, and vehicle insurance as required under 29 U.S.C. § 1841 and 29 C.F.R. § 500.105 and 29 C.F.R. §§ 500.120 through 500.128.

8.  Defendant shall not, contrary to 20 C.F.R. § 655.122(i), fail to pay the workers a total number of work hours equal to at least three-fourths of the total hours specified in the work contract measured from the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any.

9.  Defendant shall not, contrary to 20 C.F.R. § 655.122(k), fail to furnish to workers on or before each payday in one or more written statements the information required in 20 C.F.R. §§ 655.122(k)(1) through 20 C.F.R. §§ 655.122(k)(8).

10. Defendant shall not, contrary to 20 C.F.R. § 655.122(l), fail to pay the required rates of pay to the workers.

11. Defendant shall not, contrary to 20 C.F.R. § 655.122(p), fail to take only lawful deductions specifically identified in its work contract from the pay of the workers.

12. Defendant shall not, contrary to 20 C.F.R. § 655.135(e), fail to follow all applicable federal, state, and local laws and regulations including the Fair Labor Standards Act and the Migrant and Seasonal Agricultural Worker Protection Act.

13. Defendant shall not, contrary to 29 C.F.R. § 501.5, seek to have an H–2A worker, a worker in corresponding employment, or a U.S. worker improperly rejected for employment or improperly laid off or displaced waive any rights conferred under 8 U.S.C. § 1188 or 20 C.F.R. Part 655, Subpart B (i.e., 20 C.F.R. §§ 655.100 through 655.304).

14. Defendant shall not request, solicit, suggest, or coerce, directly, or indirectly, any worker to return or to offer to return to Defendant or to someone else for Defendant, any money in the form of cash, check, or any other form, for wages previously due to said worker under the provisions of this Judgment and/or the INA and the H-2A Implementing Regulations; nor shall Defendant accept, or receive from any worker, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said worker under the provisions of this Judgment and/or the INA and the H-2A Implementing Regulations; nor shall Defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such worker because such worker has received or retained money due to her or him from Defendant under the provisions of this Judgment and/or the INA and the H-2A Implementing Regulations.

15. Defendant shall not discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any worker because such worker has or is believed to have filed any wage complaint or any complaint regarding rights protected by the INA and the H-2A Implementing Regulations and/or has provided information to the Department of Labor in any such proceeding, or has exercised any right or protection afforded by the INA and the H-2A Implementing Regulations.

16. Defendant shall not interfere with, impede, or obstruct any investigation by the Acting Secretary to determine Defendant's compliance with the INA and the H-2A Implementing Regulations, nor shall it discourage, dissuade, or in any manner deter, nor solicit or encourage anyone else to deter, any worker from cooperating with any U.S. Department of Labor investigation.

      **IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to 29 C.F.R. §§ 501.16 (b) & (c), Defendant and its officers, agents, servants, employees, successors and all persons in active concert or participation with it shall:

17.    (1) hire a full-time monitor with at least 5 (FIVE) years of H-2A experience that the Acting Secretary approves within 120 (ONE HUNDRED AND TWENTY) calendar days of the entry of this Consent Judgment with the sole purpose to monitor its compliance with the INA and all of H-2A's Implementing Regulations, especially those at 20 C.F.R. Part 655, Sub-Part B and 29 C.F.R. Part 501; and (2) submit to the District Director of the Los Angeles District Office, currently Kimchi Bui, at her e-mail address (bui.kimchi@dol.gov), for her approval: the names, relevant experience and contact information (e.g., cellular and land line telephone numbers, mailing and e-mail addresses) of 3 (THREE) people that Defendant proposes to employ to be its monitor within 60 (SIXTY) days of the entry of this Consent Judgment.

18.    have its payroll personnel, supervisors, foreman and monitor who control and/or monitor the pay and terms and conditions of employment of its workers be trained 2 (TWO) times in 2024 and 2 (TWO) times in 2025 by the Acting Secretary's Wage and Division on the INA and the H-2A implementing regulations within 2 (TWO) months of the starting date of an H-2A labor certification. Defendant agrees to coordinate with the District Director of the Los Angeles District Office, currently Kimchi Bui, and Regional Agricultural Enforcement Coordinator Ruben Lugo at bui.kimchi@dol.gov and lugo.ruben@dol.gov respectively to schedule this training.

19. increase the size of the surety bond required by 29 C.F.R. § 501.9 to at least $100,000.00 (ONE HUNDRED THOUSAND DOLLARS AND NO CENTS) per certification with more than 100 (ONE HUNDRED) employees.  In the event Defendant is found by the Wage and Hour Division to have violated any H-2A provisions within 4 (FOUR) years of the date of entry of this Consent Judgment, Defendant shall increase the amount of the surety bond to at least $200,000.00 (TWO HUNDRED THOUSAND DOLLARS AND NO CENTS) per certification with more than 50 (FIFTY) employees and $300,000.00 (THREE HUNDRED THOUSAND DOLLARS AND NO CENTS) per certification with more than 100 (ONE HUNDRED) employees.

20. provide notice of this Consent Judgment and a copy thereof to its existing managers, supervisors, payroll personnel within 30 (THIRTY) calendar days of the date of entry of this Consent Judgment and to new managers, supervisors, payroll personnel and monitor within 30 (THIRTY) calendar days of their hiring date until January 1, 2028.  Defendant agrees to provide notice of this Consent Judgment and a copy thereof to any successors-in-interest to it within 30 (THIRTY) calendar days of the date an entity became a successor-in-interest;

21. give any successors-in-interest to Defendant, from the execution of this Consent Judgement through December 31, 2027, a copy of this Consent Judgment and be bound by the terms therein, since Defendant shall, in any sale of it, either in whole or in part (e.g., no matter how small and/or if it only involved assets), include as one of the written contractual terms for such sale that "any successors-in-interest to Rancho Nuevo Harvesting, Inc. will be given a copy of the 2023 Consent Judgment in *Su v. Rancho Nuevo Harvesting, Inc.* (C.D. Cal.)

covering the H-2A violations that Defendant Rancho Nuevo Harvesting, Inc. committed in California in 2021-2022";

22. provide sufficient vehicles (e.g., buses, vans, etc.) to fully transport all its H-2A and corresponding workers to and from its housing facilities and the work sites;

23. have its foremen, supervisors or crew leads monitor the loading of each of its buses to ensure that its workers board the buses in a safe and orderly manner;

24. conduct vehicle safety inspections as required by 29 C.F.R. § 655.122(h)(4) of all vehicles used to transport H-2A workers and/or workers engaged in corresponding employment. Defendant shall inspect the tread level of tires, seat belts, lights, and windshields as part of these required inspections. Defendant shall document the results of these tire tread level inspections on a weekly basis, retain them for 3 (THREE) years and provide a copy of this inspection documentation to the Acting Secretary upon request.

### III.   JUDGMENT

**IT IS FURTHER ORDERED** that **JUDGMENT IS HEREBY ENTERED** in favor of the Acting Secretary as a judgment owed to the United States of America and against Defendant as stated below:

25. Defendant shall pay the Acting Secretary $558,298.72 (FIVE HUNDRED AND FIFTY-EIGHT THOUSAND TWO HUNDRED AND NINETY-EIGHT DOLLARS AND SEVENTY-TWO CENTS) in unpaid back wages for violations of the H-2A implementing regulations for the employees identified in Exhibit A to this Consent Judgment.

26. Defendant shall further pay the Acting Secretary $475,211.59 (FOUR HUNDRED AND SEVENTY-FIVE THOUSAND AND TWO HUNDRED AND ELEVEN DOLLARS AND FIFTY-NINE CENTS), which represents the total sum of the CMPs assessed and finally determined or ordered by the Acting Secretary in this matter pursuant to authority granted in 29 C.F.R. § 501.16(a)(1).

27. Defendant shall pay the monies due in Paragraphs 25 through 26 as follows:

   A. Defendant shall pay $43,065.83 (FORTY-THREE THOUSAND AND SIXTY-FIVE DOLLARS AND EIGHTY-THREE CENTS) of the back wages and CMPs for 23 (TWENTY-THREE) straight months on the first day of the month beginning on October 1, 2023, and continuing thereafter to August 1, 2025;

   B. Defendant shall pay $43,066.22 (FORTY-THREE THOUSAND AND SIXTY-SIX DOLLARS AND TWENTY-TWO CENTS) for CMPs as the 24th (TWENTY-FOURTH) and final payment on September 1, 2025; and

   C. Defendant's monthly payments shall first pay all of the back wages due in this Consent Judgment and then pay all of the CMPs due in this Consent Judgment.

28. Defendant shall make any payments required in this Consent Judgment by following the instructions at Exhibit B attached hereto for the back wage payments and following the instructions at Exhibit C attached hereto for the CMPs. The case number referenced in Exhibits B & C for input is 1953754. For the 13th (THIRTEENTH) payment scheduled for October 1, 2024, Defendant shall

split this payment between $41,508.76 (FORTY-ONE THOUSAND FIVE HUNDRED AND EIGHT DOLLARS AND SEVENTY-SIX CENTS) in back wages and $1,557.40 (ONE THOUSAND FIVE HUNDERED AND FIFTY-SEVEN DOLLARS AND FORTY CENTS) in CMPs.

**IT IS FURTHER ORDERED AND ADJUDGED** that:

29.   The Acting Secretary shall allocate the $558,298.72 (FIVE HUNDRED AND FIFTY-EIGHT THOUSAND TWO HUNDRED AND NINETY-EIGHT DOLLARS AND SEVENTY-TWO CENTS) in back wages to the workers identified on Exhibit A attached hereto and made a part hereof, or to their estates if that be necessary, according to the amounts identified on Exhibit A. Any money not so paid to these workers, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited by the Acting Secretary in the Treasury of the United States.

30.   Each party shall bear all of their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, any costs referenced in the Equal Access to Justice Act.

IT IS SO ORDERED.

Dated:  September 6, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge